Mr. Justice ThacheR
delivered the opinion of the court.
This was an action upon a promissory note dated in 1839. The defence pleaded was non-assumpsit/ payment, and failure of consideration. The jury found for the plaintiff below the amount of the note and interest.
Upon a motion for a new trial overruled, the defendant below filed his bill of exceptions, whereon the cause is brought here. Upon the plea of failure or want of consideration, it was proved that the note was given for Brandon money, at eighty cents discount. The jury were also charged by the court upon the trial, for the defendant, “ that if1 the note sued upon is proven to have been given for Brandon money, then the measure of damages must be the value of the money at the time the note was given.”
We have held, that if a note be given for Brandon money, or any other such money, then at a discount, a recovery for its full nominal amount is not lawful. Scott v. Hamblin, 3 S. & M. 285. But this presupposes that the amount of Brandon money-given for the note was the same amount stated in the note. It belonged to the defendant to show the failure, or want of consideration. While it might be true that the consideration of the note was Brandon money, still the note might have been given for the cash value of this money at its date, and the discount upon it considered and allowed. The burden of proof is upon the defendant to make out his position; and as the evidence is presented by the bill of exceptions, he failed in this essential particular, to wit, to show that the note was given for an amount greater than the value of the Brandon money received therefor. The court refused to charge the jury this principle of law when asked by the plaintiff below, but the jury nevertheless found upon that principle, and, correctly.
J udgment affirmed.